**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| MAHDEE MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., et al.,<br><br>Defendants. | No. 26 CV 5196<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Mahdee Muhammad suffers from a hernia condition that makes it difficult for him to lift heavy weights. Because of that condition, he uses a collapsible cart to move his luggage when he travels. When traveling on a Southwest Airlines flight out of Midway International Airport, Muhammad had two problems with his luggage: first, the scale Southwest used to weigh his luggage was miscalibrated; and second, Southwest would not allow him to bring his collapsible cart on board his flight. He does not allege that the inaccurate scale caused him to incur any costs, but carrying his bag without the cart aggravated his hernia condition. Muhammad, proceeding pro se, then sued Southwest in the Circuit Court of Cook County for negligence, discrimination, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act. Southwest timely removed the case to federal court. Muhammad now moves to remand, and Southwest moves to dismiss the case for failure to state a claim. For the reasons discussed below, the motion to remand is denied, and the motion to dismiss is granted.

## I. Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Only once jurisdiction has been established may I review the motion to dismiss on the merits. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint need not plead legal theories, and the "counts" into which it is divided are not themselves claims; a claim is the set of facts giving rise to a right to relief, whatever the label or number of theories attached to it. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam); *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012).

When analyzing the sufficiency of a complaint, I construe it in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all reasonable inferences in his favor. *Atlanta Gas Light Co. v. Navigators Ins. Co.*, 164 F.4th 1038, 1046 (7th Cir. 2026). I must also "construe pro se complaints liberally

and hold them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Rule 8(a) "does not demand detailed factual allegations, but it does require more than mere 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 494–95 (7th Cir. 2025) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 495 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put another way, the complaint must "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Beyond the requirements of 8(a), to the extent that plaintiff's claims sound in fraud, he "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (holding that "Rule 9(b) applies to 'averments of fraud,' not claims of fraud"). "The plaintiff must describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (cleaned up).

## II. Facts

In August 2025, Mahdee Muhammad traveled on a Southwest Airlines flight departing from Chicago Midway International Airport. [1] ¶ 2; [1-1] at 8.[1] When he

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1-1].

checked his luggage, the scale was improperly calibrated. [1-1] at 8. A Southwest employee remarked that the scale was set at least "a half-pound below." [1-1] at 8. Muhammad does not allege that he incurred any additional monetary cost because of the miscalibrated scale. [27] at 5.

Owing to a hernia condition, Muhammad used a small collapsible cart to move his luggage without physical strain. [1-1] at 8. Southwest refused to allow him to bring the cart onto the aircraft, forcing him to carry his bag without assistance. [1-1] at 8. Carrying the bag unassisted caused Muhammad significant physical pain and aggravated his hernia condition; he needed a wheelchair on arrival and later sought medical attention. [1-1] at 8. Muhammad believes that Southwest staff went beyond policy enforcement and intended to "teach him a lesson." [1-1] at 8.

Following a failed attempt to resolve the matter directly with Southwest, Muhammad filed suit in the Circuit Court of Cook County against Southwest and two Southwest employees whose names are unknown. [1-1]. Southwest timely removed the case to this court. [1]. Both parties now move to get the case out of federal court: Muhammad by way of remand, [10], and Southwest by way of dismissal, [23].

## III. Analysis

### A. Jurisdiction

As a threshold matter, Muhammad moves to remand the case for lack of subject-matter jurisdiction. [10]. Southwest removed on the basis of diversity

jurisdiction, and the parties do not dispute that they are citizens of different states.[2] [1]. The only jurisdictional question is whether the amount in controversy exceeds $75,000.

When a case is removed to federal court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Once the removing defendant has offered a good-faith estimate of the stakes and established the jurisdictional facts, that estimate controls unless recovery of more than $75,000 is legally impossible. *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

Southwest alleges that the summons and complaint show on their face that the amount in controversy is sufficient to confer jurisdiction under § 1332(a). [1] ¶ 5. I agree. Muhammad's complaint asks for compensatory damages for physical injury, pain and suffering, and emotional distress, punitive damages, and statutory damages and attorney's fees—that puts more than $75,000 at issue.[3]

---

[2] Southwest Airlines is a Texas corporation with its principal place of business in Dallas, Texas. [1] ¶ 4. Southwest alleges, on information and belief, that Muhammad is an Illinois domiciliary and citizen. [1] ¶ 4. Jurisdictional allegations made on information and belief are insufficient, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992), but Muhammad does not contest that he is an Illinois citizen. The two unknown defendants do not affect the existence of complete diversity. 28 U.S.C. § 1441(b)(1) (for the purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded").

[3] While Southwest does not invoke 28 U.S.C. § 1331, the well-pleaded complaint may raise a substantial and disputed question of federal law. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013). Some courts of appeals have held that the Air Carrier Access Act and its implementing

Muhammad argues that he expressly limited the amount sought to $75,000 in his summons, but that is not dispositive. "When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate." *Back Drs.*, 637 F.3d at 830. A disclaimer of damages above the jurisdictional minimum can be an effective way of staying out of federal court, "but only when the disclaimer is binding." *Oshana*, 472 F.3d at 511. "Illinois does not bind plaintiffs to such disclaimers in complaints—like in federal court, plaintiffs in Illinois are not limited to the amounts they've requested." *Id.*; see 735 ILCS 5/2-604 (except in case of default, "the prayer for relief does not limit the relief obtainable").

A figure entered on a summons is not even a pleading. If Muhammad wanted to foreclose removal, he needed to file a binding stipulation or affidavit with his complaint capping his recovery at $75,000. *Oshana*, 472 F.3d at 511–12; *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). He did not, and a stipulation offered now would not permit remand, because events after removal do not affect jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Back Drs.*, 637 F.3d at 830.

Southwest also points to Muhammad's post-removal settlement demand of $105,000 as evidence that the amount in controversy exceeds $75,000. [28-1]. I need not consider that evidence because the amount in controversy exceeds the

---

regulations supply the standard of care for state-law negligence claims concerning assistance to passengers with disabilities. *See Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1010–11 (9th Cir. 2013).

jurisdictional minimum on the face of the complaint. Nevertheless, it supports Southwest's estimate of the stakes. Settlement demands may be properly considered for that purpose, and even post-removal demands are useful to the extent they shed light on the stakes at the time of removal. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815–16 (7th Cir. 2006); *Oshana*, 472 F.3d at 511–12. Muhammad's settlement demand from shortly after removal qualifies as such evidence.

**B. Negligence**

Muhammad alleges that Southwest negligently refused to let him bring his collapsible cart onto the aircraft, that he had to carry his bag himself as a result, and that doing so aggravated his hernia and caused him significant pain. [1-1] at 8. To state a cause of action for negligence under Illinois law, "a complaint must allege facts that establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 430 (2006).

When a special relationship "exists between the parties and an unreasonable risk of physical harm arises within the scope of that relationship, an obligation may be imposed on the one to exercise reasonable care to protect the other from such risk, if the risk is reasonably foreseeable, or to render first aid when it is known that such aid is needed." *Iseberg v. Gross*, 227 Ill.2d 78, 88 (2007). The common carrier–passenger relationship is one such special relationship in Illinois. *Id.* A common carrier must exercise the highest degree of care, both to carry its passengers safely to their destinations and to give them a reasonable opportunity to leave the conveyance safely. *Krywin v. Chi. Transit Auth.*, 238 Ill.2d 215, 226 (2010). Muhammad was

Southwest's passenger, and the injury he alleges—physical harm from carrying a bag he could not safely carry—arose within the scope of that relationship.

That duty is limited to risks that were reasonably foreseeable. *Iseberg*, 227 Ill.2d at 88. The complaint alleges that Muhammad used the cart because of his hernia and that Southwest's staff would not let him bring it aboard. [1-1] at 8. Although pro se complaints must be construed liberally, and reasonable inferences must be drawn in favor of any plaintiff, whether Muhammad's condition was foreseeable to Southwest is missing from the complaint. It does not say whether Muhammad told anyone at Southwest why he needed the cart, and does not suggest that Southwest was aware of Muhammad's condition. Although a carrier that is aware a passenger cannot lift his bag without injuring himself, and that then requires him to lift it, could plausibly foresee the resulting injury, Muhammad's complaint does not state that requisite element of a negligence claim.

**C. Discrimination**

Muhammad also brings a claim for "discrimination and prejudicial treatment," alleging that defendants "engaged in intentional or reckless conduct by targeting [him] with unnecessary enforcement actions, reflecting bias and discriminatory treatment." [1-1] at 9. He does not identify the source of this claim, but under any federal or Illinois antidiscrimination statute he would need to allege that Southwest treated him differently because of a protected trait. *See, e.g.*, 775 ILCS 5/1-102; 42 U.S.C. § 2000a(a). The complaint contains no facts from which I could infer that Southwest discriminated against Muhammad based on race, color, religion, sex, national origin, ancestry, age, disability, or any other protected trait. *Cf.* 775 ILCS

5/1-102. His only allegation is that the treatment he "received from Southwest staff went beyond enforcement of policy and appeared intended to 'teach him a lesson.'" [1-1] at 8. That is the sort of conclusory allegation that is not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79 (threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice, and legal conclusions couched as factual allegations are not assumed to be true). Singling a passenger out for enforcement, without more, is not discrimination in the legal sense; what is missing is any allegation of why Muhammad believes he was singled out.

**D. Consumer Fraud and Deceptive Business Practices**

Muhammad's final claim is against Southwest alone for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. To state a claim under the Act, Muhammad must plead a deceptive act or practice by Southwest, that the deception occurred in the course of trade or commerce, that Southwest intended for Muhammad to rely on it, and actual damage proximately caused by the deception. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014); *Oshana*, 472 F.3d at 513. Because the claim sounds in fraud, Rule 9(b) applies, and Muhammad must plead the circumstances of the fraud with particularity.

The complaint does not allege any deception, let alone the circumstances of relevant deception with particularity. It alleges that a scale was off by at least half a pound and that a Southwest employee said so. [1-1] at 8. It does not allege that Southwest represented the scale to be accurate, that Southwest knew of the miscalibration and concealed it, that the reading was used to charge Muhammad

anything, or that Muhammad relied on the reading in any way. A miscalibrated scale is not, without more, a deceptive act; it becomes one only if someone uses the false reading to mislead.

Nor does the complaint allege actual damage. A private action under the Act requires "actual pecuniary loss," *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010); *Camasta*, 761 F.3d at 739, and Muhammad does not allege that the scale's results cost him anything, other than inconvenience. [27] at 5.[4] The absence of any pecuniary injury is fatal to the claim however it is characterized. Even if the claim were recast as one for an unfair rather than deceptive practice, which would take it outside Rule 9(b), *see Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008), the actual-damage requirement would remain, 815 ILCS 505/10a(a).

Even assuming that Muhammad could amend the complaint to add allegations sufficient to satisfy federal pleading standards, amendment would still be futile because the claim is preempted on the face of the complaint. The Airline Deregulation Act expressly bars states from enacting or enforcing any "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). "Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself." *Travel All Over the World,*

[4] If anything, a scale set "below" true weight favors the passenger, because it reads bags as lighter than they are. The complaint does not say in which direction the scale was off, and it does not matter here: Muhammad alleges no loss either way.

*Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (quoting *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (en banc)).

Weighing checked bags is baggage handling. A claim that Southwest's baggage scale was deceptive is a claim about how Southwest performed baggage handling, and the Illinois Consumer Fraud Act is the kind of state law the Airline Deregulation Act displaces. In *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995), the Supreme Court held that claims under this same statute, challenging an airline's retroactive changes to its frequent-flyer program, were preempted: the Act "is prescriptive; it controls the primary conduct of those falling within its governance," and a suit to enforce it against an airline's rates or services is a suit to enforce a state-imposed obligation. *Id.* at 227–28. The Court distinguished claims for breach of the airline's own undertakings, which seek only to hold the airline to the terms it agreed to and so enforce no state-imposed standard. *Id.* at 228–29, 232–33.

Muhammad's claim is of the first kind. It does not allege that Southwest promised him an accurate scale and broke that promise; it invokes Illinois's statutory standard of fair dealing and asks that Southwest be held to it. That is what *Wolens* forbids. Some state-law claims touch airline services "in too tenuous, remote, or peripheral a manner" to be preempted, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 379, 390 (1992) (cleaned up), but a claim about the scale an airline uses to weigh checked luggage is not one of them. Dismissal with prejudice is appropriate for the Illinois Consumer Fraud and Deceptive Business Practices Act claim.

## IV. Conclusion

Muhammad's motion to remand, [10], is denied. Southwest's motion to dismiss, [23], is granted. The negligence and discrimination claims are dismissed without prejudice,[5] and the consumer fraud claim is dismissed with prejudice. Muhammad has leave to file an amended complaint by November 10, 2026. If an amended complaint is not filed, the dismissal will automatically convert to one with prejudice in its entirety and the clerk will enter final judgment. If an amended complaint is filed, the parties shall file a joint status report by November 17, 2026, proposing a case schedule.

ENTER:

Manish S. Shah
United States District Judge

Date: October 20, 2026

[5] Ordinarily, a plaintiff whose complaint is dismissed under Rule 12(b)(6) should be given at least one opportunity to amend, unless it is certain from the face of the complaint that any amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). This is Muhammad's first complaint, and additional facts supporting his claims of negligence or discrimination could state plausible claims for relief. If Muhammad can allege in good faith facts to suggest that his injury was foreseeable to Southwest or that Southwest singled him out because of a protected trait, he may replead those claims.